# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SHERRY ANN RAZOR,**

        **Plaintiff,**

**-vs-**                                                                                          **Case No. 6:12-cv-958-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny Plaintiff's application for disability benefits. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

## Procedural History

Plaintiff applied for a period of disability and disability insurance benefits, alleging that she became unable to work on November 15, 2006 (R. 119, amended at R. 134). The agency denied Plaintiff's application initially and upon reconsideration, and she requested and received a hearing before an administrative law judge ("the ALJ"). The ALJ issued an unfavorable decision, finding Plaintiff to be not disabled (R. 11-27). The Appeals Council declined to grant review (R. 4-6), making the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed her complaint in this action, and the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. The matter has been fully briefed and the case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## Nature of Claimed Disability

Plaintiff claims disability from her alleged onset to her date last insured, December 31, 2008, due to pain caused by fibromyalgia, neck problems and chronic headaches (R. 19, 147).

*Summary of Evidence Before the ALJ*

Plaintiff was forty-five years of age on her date last insured, with a high school education and past relevant work as a teacher and as a teller (R. 119, 147-48, 151).

The medical evidence relating to the pertinent time period is well detailed in the ALJ's opinion and in the interest of privacy and brevity will not be repeated here, except as necessary to address Plaintiff's objections.[1] In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of a Vocational Expert ("the VE"), written forms and reports completed by Plaintiff, and opinions from non-examining consultants. By way of summary, the ALJ determined that Plaintiff had the following severe impairments: fibromyalgia, cervical spondylosis, arthritis, back pain, and headaches (R. 16); and the record supports this uncontested finding. The ALJ determined that through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 16-18). The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) "except the claimant needs the option to alternate between sitting and standing every 20 minutes. The claimant can only resort to occasional bending, stooping, crawling, kneeling and crouching." (R. 18). The ALJ determined that, through the date last insured, Plaintiff was capable of performing past relevant work as a teacher and teller (R. 22-23), and was therefore not under a disability at any time from her alleged onset through the date last insured (R. 23).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The

---

[1] As Plaintiff notes, there is evidence after the date last insured, but "only records during the relevant period, from the alleged onset date through the date last insured, will be outlined in the brief." (Doc. 20, n. 1).

Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises three issues on review, challenging: 1) the formulation of the RFC, 2) the appropriateness of relying on the testimony of the VE, and 3) the credibility finding. The Court addresses these issues in the context of the sequential evaluation applied by the ALJ.

*The five step assessment*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is

disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f).

The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). As the ALJ determined that Plaintiff could return to her past relevant work, the matter was concluded at Step 4 and the burden of persuasion rested at all times with Plaintiff.

*The formulation of the RFC*

As noted above, the ALJ determined that Plaintiff had the RFC to perform light work, with certain postural modifications. Plaintiff objects to this finding, contending that, in formulating the RFC, the ALJ "did not state the weight she assigned to the opinions of the treating physicians." (Doc. 20).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).)

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, *supra*; *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's

opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d).

Here, Plaintiff contends that the ALJ did not appropriately consider the opinions of Evans Amune, M.D., and David Nieves-Quinones, M.D. The record, however, belies this assertion. The ALJ's opinion thoroughly discusses the "relatively weak medical evidence" (R. 21) and sets forth the opinion evidence, in detail:

> As for the opinion evidence, the claimant's treating physician at the pain management clinic, Dr. Evans Amune MD, opines that the claimant would be able to lift a maximum of 10 pounds, she would be able to sit for 4-6 hours in an 8-hour workday and stand/walk for a total of 4-6 hours with interruption. He also notes that the claimant can never climb balance, stoop, crouch, kneel, crawl, push or pull. Dr. Amune also places environmental limitations on the claimant, though it is unclear how chemicals, dust or noise would affect the claimant's arthritis and fibromyalgia (as these are the impairments the doctor refers to) (Exhibit 21F). The undersigned notes that Dr.

> Amune bases his assessment on severe pain, disc disease of the neck and lower back which manifest in pain, tenderness, numbness. He also refers to the claimant's MRIs. The undersigned notes that these are mainly subjective allegations as Dr. Amune himself notes that the claimant's lumbar MRI is unremarkable (Exhibit 6F, p. 10) and that her cervical MRI shows minimal disc bulge (Exhibit 6F, p. 10). Furthermore, his notes do not even indicate that he examined the claimant for sensory loss (Exhibit 6F). Other notes of his show that the claimant's sensory function was intact (Exhibit 12F, p. 4, 13), yet he bases part of his opinion on the claimant's numbness. These inconsistencies aside, Dr. Amune's opinion is not entirely incompatible with the above residual functional capacity.
>
> \*\*\*
>
> The claimant's treating neurologist, Dr. Daniel Nieves MD, notes that the claimant would need to take unscheduled breaks during an 8-hour workday about 2-3 times a month for headaches and that she may be absent from work about 2 times a months. He opines however that the claimant is able [sic] of low stress level jobs and also notes that the claimant may need formal functional capacity evaluation for more details (Exhibit 22F, p. 3). The undersigned notes that the alleged need for breaks due to migraines is unsupported by the claimant's treatment records with Dr. Nieves and her history of hospitalization due to headaches. The claimant saw Dr. Nieves once every few months (Exhibit l4F, l8F) and went to the emergency room three times since the alleged onset
> date for this impairment, which does not support allegations of completely
> disabling headaches.

(R. 21-22).[2] While the ALJ did not explicitly state that she was weighing the opinions, it is plain that she, in fact, did so. She set forth the substance of the opinions, credited parts and discounted parts, and gave a particular rationale to support her conclusions. As that rationale is supported by the substantial evidence she cites, and that evidence is not challenged by Plaintiff, no error is shown. *See Jamison v. Bowen,* 814 F.2d 585, 589 (11th Cir.1987) ("We do not require that ALJs necessarily cite to particular regulations or cases; nor do we require the use of particular phrases or formulations").

*The testimony of the VE*

Plaintiff next contends that the ALJ erred in obtaining vocational expert testimony after failing to inquire whether the testimony conflicted with the Dictionary of Occupational Titles ("DOT"), as required by Social Security Ruling ("SSR") 00-4p, which provides, in pertinent part:

---

[2]Earlier in the opinion, the ALJ discusses and credits Dr. Amune's opinion that Plaintiff had no limitations with reaching, handling and feeling (R. 17).

-6-

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. **When there is an apparent unresolved conflict between VE or VS evidence and the DOT**, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.
>
> Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.

SSR 00-4p; 2000 WL 1898704,* 2 (Dec. 4, 2000) (emphasis added). The plain language of the SSR provides that the ALJ should inquire on the record as to whether the testimony is consistent with the DOT and, when there is an *apparent* unresolved conflict, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE evidence.

Here, in response to the ALJ's inquiry directed to the VE at the hearing, the VE responded with the DOT section numbers and titles:

> Q. Would you tell us about work she's done in the past?
> A Yes. I've got three titles. Teller, 211.362-018, light with an SVP of five. Teacher, elementary school, 092.227-010, light with an SVP of seven. Funeral attendant, 359.677-014, medium with an SVP of three.

(R. 48).

In response to continued questioning regarding hypotheticals posited by the ALJ, the VE responded with specific references to DOT titles and sections numbers for each job he mentioned (R. 48-51). As the testimony explicitly incorporates the DOT titles and section numbers for the jobs, the inference that the testimony is consistent with the stated DOT titles and section numbers is well supported.[3]

Moreover, the Court finds no evidence of any apparent unresolved conflict. To the extent Plaintiff contends that the DOT does not provide a sit/stand option for these jobs, the Court does not find that this is a conflict. At hearing, the ALJ inquired:

---

[3]In addition to the VE testimony, the ALJ made a specific finding that Plaintiff's past relevant work as a teller and teacher "are also defined by the Dictionary of Occupational Titles (D.O.T.) as teller (D.O.T. 211.362-018), light, SVP5, and teacher, elementary school (D.O.T. 092.227-010), light, SVP 7." (R. 23).

-7-

> Q Okay. Let's assume for the moment that she's limited to light work with the option of sitting and standing periodically. Changing positions at least every 20 minutes during the day. Would she be able to do any of her past work?
> A Yes, the teller and elementary school teacher.
> Q Light with a sit/stand option, she can do the teller? I guess teller[s] do have a stool.
> A Yes. And the teacher.

(R. 48-49).

As a North Carolina court recently noted:

> To the extent that the Plaintiff is arguing that the VE's testimony is in conflict with the DOT because the latter does not address whether the identified jobs allow for a sit/stand option, such argument must also fail. Contrary to Plaintiff's argument, no conflict existed between the VE's testimony and the DOT. The DOT is silent as to the availability of a sit/stand option for these particular positions; as such, it was entirely proper for the ALJ to obtain and consider VE testimony in order to supplement the DOT job descriptions. *See Hynes v. Barnhart*, No. Civ. 04CV490SM, 2005 WL 1458747, at *5 (D.N.H. Jun. 15, 2005).

*Lusk v. Astrue,* No. 1:11–cv–00196–MR, 2013 WL 498797,* 5 (W.D.N.C. Feb. 11, 2013). *See also Norman v. Colvin,* No. 3:12-CV-54-J-TEM; 2013 WL 1149266, *5 (M.D.Fla. Mar 19, 2013); *Kestler v. Astrue*, No. 2:10–cv–00220–DNF, 2011 WL 4005898, at *11–12 (M.D.Fla. Sept. 9, 2011) (no error in failing to resolve alleged conflict between the VE's testimony and the DOT regarding sit/stand options). Indeed, even assuming that an inconsistency existed between the VE's testimony and the DOT, such would not be grounds for reversal. *See, e.g., Jones v. Apfel,* 190 F. 3d 1224, 1229-30 (11th Cir. 1999) (noting that a VE's testimony "trumps" the DOT when they conflict);[4] *Hurtado v. Commissioner of Soc. Sec.*, 425 Fed. Appx. 793, 795-96 (11th Cir. 2011) (even assuming that an inconsistency existed, no error in relying on VE testimony because it trumps any inconsistent provision of the DOT); *Peeler v. Commissioner of Soc. Sec.,* 400 Fed. Appx. 492, 496 (11th Cir. 2010) ("The ALJ did not err in relying on Dr. Feldman's testimony even if it conflicted with information in the DOT because under our precedent Dr. Feldman's testimony trumps the DOT.").

---

[4]Although *Jones* was decided before SSR 00-4p went into effect and the SSR explicitly notes that "[n]either the DOT nor the [VE testimony] automatically "trumps'," the Eleventh Circuit has directly rejected this argument, in unpublished decision, noting: " Social Security Rulings are not binding on this Court. . . . To the extent SSR 00–4p conflicts with *Jones*, we are bound by *Jones*." *Jones v. Commissioner of Social Sec.*, 423 Fed.Appx. 936, 939 (11th Cir. 2011).

*Credibility*

Plaintiff's final contention is that the ALJ erred in finding that the claimant was not credible "when the record clearly reveals that the Plaintiff suffered from documented impairments causing significant limitations." (Brief, p. 15).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that her statements concerning the intensity, persistence and limiting effects of the symptoms were "not credible to the extent they are inconsistent with the above residual functional capacity assessment" (R. 19). Plaintiff contends that in making this finding the ALJ failed to apply the appropriate legal standards in that "the ALJ's credibility determination is nothing more than a stock, boiler plate paragraph offering no reasoning for finding the claimant not to be credible." (Brief, p. 17). Thus, argues Plaintiff, the conclusion of the ALJ that the Plaintiff is "not credible" is not supported by substantial evidence in the record.

A claimant may seek to establish that he has a disability through his own testimony regarding pain or other subjective symptoms. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam). "In such a case, the claimant must show: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Id.* Where an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562.

In her decision, the ALJ set forth several reasons why Plaintiff's allegations of disabling impairments were not credible, detailing numerous normal or mild findings on objective testing and examination; infrequent visits to her doctors; good results from routine and conservative treatment; and inconsistencies between the allegations and the statements to doctors (R. 19-21). As these reasons are supported by the substantial record evidence cited by the ALJ, the credibility finding comports with the legal standard.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511. The only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard is adequately supported by the evidence and was made in accordance with proper legal standards. As the Court finds that to be the case, it must affirm the decision.

## Conclusion

The administrative decision was made in accordance with proper legal standards and is supported by substantial evidence. It is therefore **AFFIRMED.** The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Orlando, Florida on October 30, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record